## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ASHLEY E. WILSON, | : | Case No. 1:24-cv-431 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CHADY CHAHINE, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7). Defendant filed a response in opposition (Doc. 9), to which Plaintiff filed a reply (Doc. 10). The matter is therefore ripe for the Court's review. For the reasons below, the Court **GRANTS** Plaintiff's Motion to Remand.

### BACKGROUND

**I.     Factual Allegations**

Defendant Chady Chahine, a police officer working for the Blue Ash Police Department, subjected Plaintiff Ashley Wilson to a traffic stop on October 13, 2022. (Compl., Doc. 3, ¶ 1.) Plaintiff claims that the traffic stop occurred without any reason for suspicion. (*Id.*) During the traffic stop, Defendant found a bottle containing Plaintiff's prescription medication and confiscated it. (*Id.*) A female officer then conducted a body

search but found nothing. (*Id.*) The following day, Plaintiff contacted Defendant to provide him with documentation of her prescription for the confiscated medication. (*Id.*) She also hand-delivered additional documents about the prescription to the duty sergeant at the Blue Ash police station. (*Id.*) Testing at the Hamilton County Crime Laboratory confirmed that the confiscated pills matched the prescription information that Plaintiff provided. (*Id.*) About five months later, Defendant filed felony drug charges against Plaintiff. (*Id.*) Though Plaintiff was indicted on these charges and held in custody pending her trial, the Hamilton County Court of Common Pleas eventually dismissed all charges against her. (*Id.*)

## II. Procedural History

Plaintiff first brought this action in Hamilton County Court of Common Pleas on July 12, 2024. (*See* Compl., Doc. 1-2.) Plaintiff alleged a violation of her civil rights under the Fourth and Fourteenth Amendments of the U.S. Constitution, as well as battery, false arrest and imprisonment, malicious prosecution, and criminal conduct under Ohio law. (*See* Compl., Doc. 3, Pg. ID 45-46.) On August 14, 2024, Defendant removed the action to this Court. (*See* Notice of Removal, Doc. 1.) The following day, Defendant filed his Answer (Doc. 5). On August 22, 2024, Plaintiff filed an Amended Complaint, removing the Fourth and Fourteenth Amendment claims. (Am. Compl., Doc. 6). Plaintiff then filed the pending Motion to Remand (Doc. 7), which is now ripe for review.

## LAW

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party removing the action to federal court

2

bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## ANALYSIS

Plaintiff acknowledges that removal was proper because her original Complaint touched upon federal question jurisdiction. (*See* Motion to Remand, Doc. 7, Pg. ID 73; Compl., Doc. 3.) That said, now that the federal claims have been eliminated, and only state-law claims remain, Plaintiff seeks to remand this matter to state court. (*Id.*) Without a federal question underlying any claim in Plaintiff's Amended Complaint (Doc. 6), and without diversity between the parties, this Court lacks subject matter jurisdiction over this cause of action. 28 U.S.C. §§ 1331, 1332.

While the Court could still exercise supplemental jurisdiction over the remaining state-law claims, courts around the Sixth Circuit often decline to do so in such circumstances. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Indeed, the Sixth Circuit's decision in *Gamel* is particularly instructive. 625 F.3d at 949. There, the plaintiffs brought both federal and state causes of action in state court; then, the defendant properly removed the case to federal court. *Id.* at 951. Within four days of removal, the plaintiffs amended their complaint to remove all federal-law claims. *Id.* at 952. The district court had no dispositive motions pending and had overseen no discovery. *Id.* Ultimately, the

3

Sixth Circuit affirmed the district court's decision to decline exercising supplemental jurisdiction over the state-law claims. *Id*. at 953. Turning back to the case at hand, Plaintiff similarly filed her Amended Complaint eight days after Defendant removed the case. (*See* Am. Compl., Doc. 6.) Plaintiff then filed her Motion to Remand four days later. (*See* Motion to Remand, Doc. 7.) As the docket stands, no dispositive motions are pending and this Court has not overseen any discovery between the parties. On the whole, *Gamel* is very on-point factually and therefore persuasive.

To be sure, Defendant correctly points to case law suggesting that district courts should examine several factors when weighing remand. (Response, Doc. 9, Pg. ID 91.) Accordingly, the Court will now consider these factors in turn.

### a. Convenience

Defendant argues that convenience weighs against remand because the civil rights questions remaining in Plaintiff's case are based in constitutional principles that are not local. (Response, Doc. 9, Pg. ID 92.) Yet, this argument is unconvincing. Otherwise, state-law claims that are not locally related to the county where the court sits would be improperly heard in that state court. Such a standard would render state court forums improper for a wide range of state-law claims, thereby hindering state courts' jurisdiction. Further, Defendant argues that the location of Hamilton County Court of Common Pleas—as compared to this Court's location—weighs against remand. (*Id*.) But, Plaintiff is correct to point out that the two courts are only a few blocks apart. (Reply, Doc. 10, Pg. ID 102.) Remanding the case will have virtually no effect on any party's travel distance. Convenience is therefore a neutral factor.

**b. Comity**

Defendant next argues that the remaining state-law claims have federal constitutional questions underlying them. (Response, Doc. 9, Pg. ID 92-93.) But, Defendant's argument falls short because, as Plaintiff correctly points out, Ohio's Constitution has its own civil rights protections, including the protections against unreasonable searches and seizures. (Reply, Doc. 10, Pg. ID 102; *see also* Ohio Const., Art. I, § 14.) The Ohio Constitution, not just the U.S. Constitution, can support Plaintiff's civil rights claims. Moreover, Plaintiff's claims for civil liability for criminal conduct and falsification under Ohio Revised Code § 2921.13(G) are derived purely from Ohio law. The state-specific nature of the remaining claims weighs heavily in favor of remand. *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (finding that where only state-law claims remain, there is a strong presumption against the exercise of supplemental jurisdiction).

**c. Judicial Economy**

Defendant acknowledges that this case is "in its infancy." (Response, Doc. 9, Pg. ID 94.) Indeed, the Motion to Remand is the only matter pending on the docket, and discovery has not begun. The Court has not ruled on any other matters stemming from this case. Courts have routinely found that such considerations support remand. *See, e.g., Gamel*, 625 F.3d at 952-53; *Musson Theatrical,* 89 F.3d at 1254-55; *Packard,* 423 F. App'x at 584; *Blakely v. United States,* 276 F.3d 853, 863 (6th Cir. 2002); *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287-88 (6th Cir. 1992). Therefore, the early status of the case also causes judicial economy to weigh heavily in favor of remand.

**d. Fairness and Forum Manipulation**

Finally, Defendant asserts that Plaintiff has engaged in forum-shopping with her Amended Complaint and subsequent Motion to Remand. (Response, Doc. 9, Pg. ID 94-96.) The Court agrees that Plaintiff has indicated no reason that she dropped her federal claims from her Amended Complaint. And, since she filed the Motion to Remand soon after, her actions do indicate that she may have engaged in forum manipulation. Nevertheless, "this factor alone is not sufficient to warrant retaining jurisdiction over the state-law claims." *Gamel*, 625 F.3d at 953; *Sanchez v. Gregg Pancero, Inc.*, No. 1:20-CV-75, 2020 WL 4882895, at *1 (S.D. Ohio Aug. 20, 2020).

## CONCLUSION

Based on Plaintiff's Amended Complaint, remand is proper. Thus, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED** and Plaintiff's claims are **REMANDED** to the Court of Common Pleas of Hamilton County, Ohio.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND